DREW B. QUINN #2673
BRYAN W. CANNON AND ASSOCIATES
Attorney for GE Capital
8619 S. Sandy Parkway, Suite 111
Sandy, Utah 84070
Tel: 801-255-7475
Fax: 801-255-7526
File reference No. 80020046

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | NO. 08-24034 |
|---|---|
| **WOLPER CONSTRUCTION, INC.,** | Chapter 11 |
| Debtor. | |

### GE CAPITAL'S MOTION FOR RELIEF FROM THE
### AUTOMATIC STAY; OR IN ALTERNATIVE, FOR ADEQUATE PROTECTION

COMES NOW GE Capital f/k/a GE Commerical Finance Vendor Financial Services ("GE Capital"), as a secured creditor, and moves this Court for an order granting relief from the automatic stay, or in the alternative, for adequate protection (the "Motion"). In support of its Motion, GE Capital states as follows:

### JURISDICTION AND VENUE

1. On June 23, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). No statutory committee of creditors has been appointed in this case.

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G), and (O). Venue in this Court is proper pursuant to 28 U.S.C. §1409.

**BACKGROUND**

Master Security Agreement and Promissory Note 4386768001

      3.      On or about October 15, 2005, the Debtor and GE Capital entered into that certain Master Security Agreement 4386768001, related Promissory Note and other documents (the "Security Documents"), pursuant to which GE Capital agreed to finance the Debtor's purchase of a Freightliner, WT4000 Tractor, Serial Number 1FVHCYAK54HM64261 (the "Tractor"), in exchange for which the Debtor granted to GE Capital a security interest in the Tractor.[1]  The Security Documents are attached as Exhibit A to the Affidavit of David Baumler in support hereof.

      4.      Pursuant to the Security Documents, the Debtor agreed to pay GE Capital payments of $709.11, plus applicable taxes, monthly for sixty (60) months.

      5.      GE Capital perfected its interest in the Tractor, by noting its lien on the title to the Tractor.  As a result, GE Capital holds a valid, perfected, first priority security interest in the Tractor to repay the amounts owed under the Security Documents.  A copy of the title is attached as Exhibit B to the Affidavit of David Baumler in support hereof.

State Court Proceedings

      6.      On March 18, 2008, GE Capital filed, among other pleadings, a Complaint for Replevin Breach of Contract against Wolper Construction, Richard Wolper and L.E. Equipment in the 3rd Judicial District Court for Salt Lake County, State of Utah, Case No. 080404884 (the "Complaint"), pursuant to which GE Capital requested, among other things, that the Court grant GE Capital an order of custody for various equipment, including the Tractors (collectively the "Equipment").

---

[1] The Debtor and GE Capital have also entered into two master leases governing Debtor's lease of nine pieces of construction equipment.  GE Capital is not seeking relief with respect to those leases, pursuant to this Motion.

7. The Court entered an Order of Replevin with respect to the Equipment.

8. On March 26, 2008, GE Capital, the Debtor, Richard Wolper and L.E. Equipment entered into a forbearance agreement (the "Forbearance Agreement"), pursuant to which the Debtor agreed, among other things, to bring current its arrearages under the Security Documents and then to continue making current payments. The Debtor made one of the two required payments under the Forbearance Agreement and then ceased making further payments. Accordingly, as of the Petition Date, Debtor was in breach of the Forbearance Agreement.

9. As of the Petition Date, pursuant to the Security Documents, the Debtor owed GE Capital $22,363.42 comprised of a principal balance of $20,801.27, interest in the amount of $1,384.85 and late charges in the amount of $177.30.

10. Upon information and belief, the Debtor continues to use the Tractor in the regular operation of its business. As a result of such use, GE Capital believes that the value of the Tractor is depreciating.

11. Upon information and belief, GE Capital's interest in the Tractor is not adequately protected.

12. Upon information and belief, Debtor does not have equity in the Tractor, and the Tractor is not necessary for an effective reorganization.

**RELIEF REQUESTED**

**A.   The Court Should Grant GE Capital Relief From the Automatic Stay**

13. The Bankruptcy Code permits creditors to seek relief by filing a motion for relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, because a secured creditor risks losing the benefit of its security interest if it is unable to foreclose against the property. Section 362(d)(1) of the Bankruptcy Code authorizes

relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

14. In addition, an alternative ground for relief from stay is set forth in section 362(d)(2) of the Bankruptcy Code. Section 362(d)(2) authorizes relief from the automatic stay if the debtor has no equity in the property and the property is not necessary for an effective reorganization.

15. The Debtor has made no offer of adequate protection, accordingly, the relief requested herein is appropriate pursuant to section 362(d)(1). Moreover, the relief requested herein is also appropriate pursuant to section 362(d)(2) of the Bankruptcy Code because the Debtor has no equity in the Tractor and does not need the Tractor to reorganize.

WHERFORE, GE Capital respectfully request that the Court grant the Motion and enter an order:

a) granting GE Capital relief from the automatic stay with respect to the Tractor, thereby allowing GE Capital to exercise its rights and remedies as a secured creditor;

b) directing the Debtor to surrender immediate possession of the Tractor to GE Capital;

c) stating that no part of the costs of this proceeding be charged against GE Capital or the Tractor;

d) authorizing GE Capital to apply the proceeds from any sale of the Tractor, plus attorneys' fees and expenses incurred to the date of such sale, to its claim, and

ordering that GE Capital's claim be allowed against the Debtor in the amount of any deficiencies; and

 e) granting GE Capital such other and further relief as may be necessary to protect its interests in the Tractor.

**B.** **<u>In the Alternative, GE Capital is Entitled to Adequate Protection</u>**

 16. Pursuant to section 362(d) of the Bankruptcy Code, this Court may refuse to grant GE Capital relief from the automatic stay only if GE Capital is provided adequate protection that will result in realization by GE Capital of the indubitable equivalent of GE Capital's interests in the Tractor as of the Petition Date.

 17. Debtor continues to maintain possession of, and use, the Tractor.

 18. GE Capital's interest in the Tractor is declining because of the passage of time and the continued use of the Tractor.

 19. Realization of the indubitable equivalent of GE Capital's interests in the Tractor requires this Court to order Debtor to preserve and adequately protect the Tractor.

 WHEREFORE, in the alternative, GE Capital respectfully requests this Court enter an order providing GE Capital with adequate protection sufficient to insure the indubitable equivalent of its interest in the Tractor, which adequate protection shall include, but not be limited to, an order of this Court requiring that:

 a) Debtor pay to GE Capital such amounts and take such other steps as will adequately protect GE Capital against the decline in value of its interest in the Tractor during the pendency of the automatic stay;

 b) Debtor cooperate and provide assistance to enable GE Capital to inspect the Tractor and Debtor's books and records at any time and from time to time as GE Capital shall reasonably elect to ensure compliance with this Court's order;

 c) If Debtor fails to comply with respect to any order of this Court relating to the Tractor, GE Capital shall immediately have all the rights and remedies

granted to it by the Security Documents, and such other and further relief as will provide GE Capital with the indubitable equivalent of its interests in the Tractor.

Dated: July __, 2008

                                        Respectfully submitted,

                                        _____/s/_____
                                        DREW B. QUINN